UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Dondre Foster,

                                        Petitioner,                            Case # 24-CV-6728-FPG

v.

                                                                               DECISION AND ORDER

Director Brophy, *et al*.,

                                        Respondents.

*Pro se* Petitioner Dondre Foster brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention at the Buffalo Federal Detention Facility. ECF No. 1.  Petitioner alleges that he has been detained under 8 U.S.C. § 1226(c) since March 15, 2024—nearly eleven months—without a bond hearing.  *Id.* at 4.  He requests release from detention or an individualized bond hearing.  *See id.* at 16.

Petitioner's claims are governed by the Second Circuit's recent decision in *Black v. Decker*, 103 F.4th 133 (2d Cir. 2024).  In *Black*, the Second Circuit held that there are constitutional limits to the government's authority to detain a noncitizen for a prolonged period without a bond hearing. *See Black*, 103 F.4th at 145.  Due process challenges to prolonged detention are to be analyzed under the "three-factor balancing test" set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), under which a court assesses "(1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  *Id.* at 147 (internal quotation marks omitted).  Applying these factors to a noncitizen held under Section 1226(c), the Second Circuit held that: (1) the petitioner's private liberty interests were "seriously affected" by a seven-month

detention, which it described as "prolonged"; (2) there were "very few" procedures available to noncitizens detained under Section 1226(c), which increased the risk of "erroneous deprivation" to the petitioner's "private liberty interests"; and (3) the government's valid interests in ensuring a noncitizen's appearance at removal proceedings and in protecting the community from dangerous noncitizens could be adequately addressed through "additional procedural safeguards." *Id.* at 151-53.  The Second Circuit concluded that the petitioner was entitled to an "individualized bond hearing by an [immigration judge]." *Id.* at 155.  The court also directed that, at the bond hearing, the burden must be placed on the government to justify continued detention "by clear and convincing evidence" and, with respect to a detainee's risk of flight, that the immigration judge must "consider both [the detainee's] ability to pay and any alternatives to detention" that would assure his appearance. *Id.*

In response to the petition, the government submitted a letter in lieu of a formal merits brief.  ECF No. 5.  The government acknowledges that *Black* constitutes binding precedent and that "applying *Black* in this case likely would lead to a grant of the habeas petition." *Id.* at 3.  While the government "reserves all rights, including the right to appeal," it concedes that this matter can be decided "promptly without further briefing." *Id.* at 3-4.

The Court agrees with the government that *Black* applies to the petition and compels the conclusion that Petitioner is entitled to relief.  The Court orders as follows:

1. Petitioner is entitled to habeas relief under 28 U.S.C. § 2241 and the petition (ECF No. 1) is GRANTED insofar as Petitioner requests an individualized bond hearing with additional procedural safeguards.

2. Accordingly, by February 24, 2025, Respondents shall hold a bond hearing for Petitioner before an immigration judge, at which the government bears the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified based on his present risk of flight or danger to the community.  Before concluding that detention is justified based on a risk of flight, the immigration judge must consider Petitioner's ability to pay and alternative means of assuring his appearance.

3.  If a bond hearing is not held by February 24, 2025, Respondents shall release Petitioner immediately with appropriate conditions of supervision. By February 26, 2025, Respondents shall file a notice with this Court certifying either (1) that a bond hearing was held by the applicable deadline, and the outcome thereof, or (2) that no bond hearing was held and that Petitioner was released with appropriate conditions of supervision.

4.  The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: February 11, 2025
      Rochester, New York

 

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York